UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JOSEPH LYNCH,

    Plaintiff,

v.

FIRST NATIONAL COLLECTION BUREAU, INC.,
AND JEFFERSON CAPITAL SYSTEMS, LLC.,

    Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant, FIRST NATIONAL COLLECTION BUREAU, INC., placed telephone calls and sent letters into this District on behalf of Defendant, JEFFERSON CAPITAL SYSTEMS, LLC.

**PARTIES**

3.    Plaintiff, JOSEPH LYNCH, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, FIRST NATIONAL COLLECTION BUREAU, INC. ("FIRST NATIONAL") is a corporation and citizen of the State of Nevada with its principal place of business at 610 Waltham Way, Sparks, Nevada 89434.

5. Defendant, JEFFERSON CAPITAL SYSTEMS, LLC., ("JEFFERSON") is a limited liability company and citizen of the State of Minnesota with its principal place of business at 16 McLeland Drive, Saint Cloud, Minnesota 56303.

## FACTUAL ALLEGATIONS

6. Defendant sought to collect from Plaintiff an alleged debt arising from transactions engaged in for personal, family or household purposes.

7. Plaintiff defaulted on the alleged debt some time ago.

8. After the alleged debt went into default, the original creditor sold the alleged debt.

9. Defendant, JEFFERSON, purchased the alleged debt from the original creditor or a subsequent holder.

10. Defendant, JEFFERSON, assigned the debt for collection to Defendant, FIRST NATIONAL, who in turn sought to collect the alleged debt from Plaintiff.

11. Defendant, JEFFERSON, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

12. Defendant, FIRST NATIONAL, regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

13. Defendant, JEFFERSON, regularly collects or attempts to collect debts for other parties.

14. Defendant, JEFFERSON, is a "debt collector" as defined in the FDCPA.

15. Defendant, FIRST NATIONAL, is a "debt collector" as defined in the FDCPA.

16. At all times material to the allegations of this complaint, Defendant, JEFFERSON, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

17. At all times material to the allegations of this complaint, Defendant, FIRST, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

18. Defendant, JEFFERSON, authorized Defendant, FIRST NATIONAL, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

19. Defendant, FIRST NATIONAL, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of JEFFERSON.

20. Defendant, JEFFERSON, conveyed information to Plaintiff regarding the alleged debt through Defendant, FIRST NATIONAL'S telephone calls to Plaintiff.

21. By virtue of its status as a debt collector, JEFFERSON, is vicariously liable to Plaintiff for FIRST NATIONAL'S violations of the FDCPA. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

22. Defendant, FIRST NATIONAL, left the following messages on Plaintiff's voice mail on her cellular telephone service on or about the dates stated:

> April 8, 2010 at 5:50 PM – Pre-Recorded Message
> Please press the 1 key now. Or you can return our call at 1-800-824-6191 at your earliest convenience. Thank you.
>
> April 19, 2010 at 1:42 PM – No Discernable Message
>
> April 20, 2010 at 1:16 PM – No Discernable Message
>
> April 29, 2010 at 4:11 PM – Pre-Recorded Message
> Hello, you can return our call at 1-800-824-6191 at your earliest convenience. Thank you.
>
> May 6, 2010 at 1:02 PM – No Discernable Message
>
> May 10, 2010 at 12:39 PM – Pre-Recorded Message
> Key now. Or you can return our call at 1-800-824-6191 at your earliest convenience. Thank you.
>
> May 14, 2010 at 1:12 PM – No Discernable Message

<u>May 25, 2010 at 11:54 AM – No Discernable Message</u>

<u>June 18, 2010 at 5:56 PM – Pre-Recorded Message</u>
Key now. Or you can return our call at 1-800-824-6191 at your earliest convenience. Thank you.

<u>June 25, 2010 at 6:49 PM – Pre-Recorded Message</u>
Key now. Or you can return our call at 1-800-824-6191 at your earliest convenience. Thank you.

<u>June 29, 2010 at 11:02 AM – No Discernable Message</u>

<u>June 29, 2010 at 1:27 PM – No Discernable Message</u>

<u>June 30, 2010 at 1:11 PM – No Discernable Message</u>

<u>July 2, 2010 at 12:49 PM – Pre-Recorded Message</u>
If you can return our call at 1-800-824-6191 at your earliest convenience. Thank you.

<u>July 14, 2010 at 2:16 PM – No Discernable Message</u>

<u>August 8, 2010 at 8:12 PM – Pre-Recorded Message</u>
Key now. Or you can return our call at 1-800-824-6191 at your earliest convenience. Thank you.

<u>August 10, 2010 at 12:13 PM – No Discernable Message</u>

<u>August 10, 2010 at 2:05 PM – Pre-Recorded Message</u>
Key. Or you can return our call at 1-800-824-6191 at your earliest convenience. Thank you.

23.   Defendant, FIRST NATIONAL, left similar or identical messages for Plaintiff on other occasions. (Collectively, "the telephone messages").

24. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

25. Defendant, FIRST NATIONAL, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of its messages.

26. Defendant, FIRST NATIONAL, knew it was required to disclose that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

27. Plaintiff incorporates Paragraphs 1 through 26.

28. Defendant, FIRST NATIONAL, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

29.    Plaintiff incorporates Paragraphs 1 through 26.

30.    Defendant, FIRST NATIONAL, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose that it is a debt collector and or the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

    DONALD A. YARBROUGH, ESQ.
    Attorney for Plaintiff
    Post Office Box 11842

        Ft. Lauderdale, FL 33339
        Telephone: 954-537-2000
        Facsimile: 954-566-2235
        donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658