UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60798-CIV-COHN/SELTZER

JOSEPH LYNCH,

    Plaintiff,

v.

FIRST NATIONAL COLLECTION BUREAU, INC.
and JEFFERSON CAPITAL SYSTEMS, LLC,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants First National Collection Bureau, Inc. ("FNCB") and Jefferson Capital Systems, LLC's ("Jefferson's") Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 8] ("Motion").  The Court has considered the Motion, Plaintiff Joseph Lynch's Response [DE 9], Defendants' Reply [DE 10], and the record in this case, and is otherwise advised in the premises.

## I. BACKGROUND

On April 13, 2011, Plaintiff brought this action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, ("FDCPA") [DE 1] ("Complaint").  The alleged violations arise out of FNCB's attempt to collect a debt from Plaintiff.  Compl. ¶¶ 6, 19.  Jefferson had allegedly authorized FNCB to collect the debt on Jefferson's behalf by sending letters and placing telephone calls to Plaintiff.  Id. ¶ 18.

The Complaint alleges that in placing the telephone calls, FNCB violated the FDCPA by failing to disclose its status as a debt collector (Count I) and failing to make meaningful disclosure of its identity (Count II).  Id. ¶¶ 28-30.  The Complaint further

alleges that Jefferson is vicariously liable for FNCB's FDCPA violations. Id. ¶ 21.

On May 17, 2011, Defendants filed their Joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). The Motion alleges that FNCB served Plaintiff with a Rule 68 Offer of Judgment, Exhibit A to Mot. [DE 8-1] ("Offer of Judgment"), that provides all Plaintiff could hope to recover in this case. See Mot. at 1, 7. Therefore, Defendants argue that Plaintiff's claims are moot, the Court no longer has subject matter jurisdiction over this action, and the case must be dismissed. See id. at 1.

For the reasons discussed below, the Court finds that the Rule 68 Offer of Judgment does not encompass all relief Plaintiff seeks to recover. Therefore, as the Offer of Judgment does not moot Plaintiff's claims, the Court denies dismissal.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 68 provides that at least fourteen days before trial, a defending party may serve a plaintiff with an offer to allow a judgment on specified terms. Fed. R. Civ. P. 68(a). If the plaintiff accepts the offer within fourteen days, then judgment is entered. Id. If the plaintiff does not accept the offer, the offer is deemed withdrawn. Fed. R. Civ. P. 68(b). Importantly, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Whether or not the plantiff accepts the offer, "generally, an offer of judgment providing the plaintiff with the maximum allowable relief [will] moot the plaintiff's FDCPA claim." Moore v. Hecker, 250 F.R.D. 682, 684 (S.D. Fla. 2008) (citations and quotations omitted); see also Mackenzie v. Kindred Hosps. E., LLC, 276 F. Supp. 2d 1211, 1218-19 (M.D. Fla. 2003) (dismissing FLSA claim as moot after plaintiff rejected Rule 68 offer

where offer exceeded amount plaintiff could have received at trial); Ambalu v. Rosenblatt, 194 F.R.D. 451, 453 (E.D.N.Y. 2000) (dismissing FDCPA claim as moot after plaintiff rejected Rule 68 offer where offer provided maximum statutory relief, because "there is no justification for taking the time of the court and the defendant in the pursuit of [a claim] which defendant has . . . satisfied."). Therefore, "Rule 68 offers can be used to show that the court lacks subject-matter jurisdiction." Pollack v. Bay Area Credit Serv., LLC, No. 08-61101-Civ, 2009 WL 2475167, at *5 (S.D. Fla. Aug. 13, 2009); see also Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate . . . and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."); Murphy v. Equifax Check Servs., Inc., 35 F. Supp. 2d 200, 203 (D. Conn. 1999) (dismissing FDCPA claim for lack of subject matter jurisdiction after plaintiff rejected Rule 68 offer when offer was for maximum amount of damages plaintiff was entitled to recover).

### III. ANALYSIS

Plaintiff's Complaint brings an FDCPA action seeking relief against two Defendants: FNCB and Jefferson. Compl. Plaintiff has not alleged that he sustained any actual damages. See id. In an FDCPA action where an individual plaintiff does not sustain any actual damages, the FDCPA limits the damages liability of a "debt collector" to "such additional damages as the court may allow, but not exceeding $1,000 . . . [and] . . . costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(1)-(3). Accordingly, if Plaintiff were to prevail in this action, the resulting judgment could not exceed $1,000 plus costs and fees against both

3

Defendants.  See § 1692k(a)(1)-(3).

However, a Rule 68 Offer of Judgment for an FDCPA claim can also contain nonmonetary relief.  See, e.g., Danow v. Law Office of David E. Borack, P.A., 367 Fed. App'x 22, 24 (11th Cir. 2010) (Rule 68 offer of judgment included condition that plaintiff sign confidentiality release); see also 12 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice & Procedure, § 3006.1 (2d ed. 2011) (discussing impact of nonmonetary factors in Rule 68 offers of judgment, in context of comparing Rule 68 offers and judgments in an award for costs under Rule 68(d)).  The value of the Rule 68 offer is measured not just by the monetary amount, but also by the nonmonetary factors.  See, e.g., Danow, 367 Fed. App'x at 24.

When FNCB served Plaintiff with its Offer of Judgment, it offered to pay statutory damages in the amount of $1,000, plus one dollar, under the FDCPA, plus reasonable attorney's fees and costs incurred.  See Offer of Jgmt. ¶¶ 2-3; Mot. at 2.  Though Jefferson did not offer anything as part of the Offer of Judgment, FNCB requested that Plaintiff agree to resolve the claims against both Defendants in return for a judgment against FNCB for the $1,001 plus fees and costs.  Offer of Jgmt. ¶¶ 2-3.  Together, FNCB and Jefferson now seek dismissal on the basis that this Offer of Judgment renders the Complaint moot and thereby eliminates the Court's subject matter jurisdiction over this case.  See Mot.

Plaintiff responds that the Offer of Judgment does not moot the Complaint because the offer does not include judgment against Jefferson, and therefore fails to provide all relief Plaintiff seeks.  Resp. ¶¶ 1, 3.  Defendants do not dispute that the Offer of Judgment only includes judgment against FNCB, but they argue that the

4

$1,001 plus fees and costs is sufficient to satisfy the claims because Plaintiff makes no individual claims against Jefferson, but rather seeks to hold Jefferson vicariously liable for FNCB's actions.  Reply at 3.

An Offer of Judgment cannot be evaluated solely by its dollar amount.  Similar to Danow v. Law Office of David E. Borack, P.A., 367 Fed. App'x 22, 24 (11th Cir. 2010), where obligating the plaintiff to sign a confidential release as a condition of accepting an offer of judgment rendered that offer less valuable than an eventual judgment for the same monetary amount but without the confidential release condition, here, excluding Jefferson from a final judgment detracts from the value of the judgment Plaintiff seeks in this case.  Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debts collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  Like Danow, which was "exactly the kind of consumer protection case where there is added value to public exposure to a defendant's violations," Danow, 367 Fed. App'x at 24, Plaintiff in this case emphasizes that "judgments are important because state and federal regulators may use them in the course of identifying debt collectors engaging in violative practices," Resp. ¶ 3.  Thus, a judgment only against FNCB, even if for the full monetary amount, does not encompass the entire value of relief Plaintiff seeks because it does not include a judgment against Jefferson.

Consequently, FNCB's Rule 68 Offer of Judgment does not render Plaintiff's claims moot.  See Moore, 250 F.R.D. at 684 (stating only that an offer moots an FDCPA claim if it provides "maximum allowable relief").  The Court therefore denies

dismissal.  See, e.g., Pollack, 2009 WL 2475167, at *6 (denying motion to dismiss for lack of subject matter jurisdiction where Rule 68 offer did not necessarily encompass all relief sought).

### IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 8] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 17th day of June, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF